

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 6, 1947

Hon. W. R. Cousins, Jr.
Chairman, Privileges and
 Elections Committee
State Senate
Austin, Texas

Opinion No. V-78

Re: Constitutionality of S. B.
No. 67, 50th Leg., amend-
ing the election laws.

Dear Sir:

      You request an opinion from this department on the above-titled subject matter, your letter being as follows:

      "I have been directed by the Committee on Privileges and Elections to submit Senate Bill No. 67 to you for an opinion on its constitutionality. We are particularly interested in this bill as to the directions contained in the Constitution, Article 6, Section 4, which requires the legislators to provide for the numbering of ballots to detect and prevent fraud. We further would like to know whether in your opinion under the Constitutional Mandate it is necessary that a ballot be identifiable if illegally cast, in the event of a contest of the election or upon proof of an irregularity in connection therewith."

      Senate Bill No. 67 accompanies your request. We have carefully studied the bill, including, of course, the title, and we find no constitutional vice therein. We shall discuss, however, the particular features mentioned in your letter.

      According to the title and the emergency clause, the purpose of the bill is to provide "a more secret ballot in all elections in Texas". The principal change contemplated by this bill is the provision for the numbering of ballots on a perforated coupon which shall be torn or detached from the remainder of the ballot and placed in a box separate from the box in which the remainder of the ballot is deposited.

The bill retains the provision for the election judge
to sign his name on the back of the ballot and to
place the number on the detachable slip by the name of
the voter on the voting list at the time that the bal-
lot is delivered to the voter. It further provides that
the election officials shall compare the number on the
detachable slip with the number on the voting list at
the time the ballot is returned by the voter and in his
presence to be certain that it is the same ballot which
was delivered to the voter. Then, under the provisions
of this bill the detachable slip is to be torn off and
deposited in a separate box and the remainder of the
ballot deposited in a box prepared for the marked por-
tions of all ballots cast at the elections. Thus, af-
ter depositing the separate portions of the ballots
in the separate boxes it will be impossible thereafter
to identify the individual ballot of any individual voter
either in an election contest or otherwise.

Obviously, the purpose of the bill is to make
it impossible for anyone to determine by lawful or un-
lawful means how an elector voted. Your question is
whether such a plan meets the requirements of Section 4,
Article VI of the Constitution of Texas which requires
the numbering of tickets and reads as follows:

"In all elections by the people the vote
shall be by ballot and the Legislature shall
provide for the numbering of tickets and make
such other regulations as may be necessary to
detect and punish fraud and preserve the pur-
ity of the ballot box, and the Legislature may
provide by law for the registration of all vot-
ers in all cities containing a population of
10,000 inhabitants or more."

We are compelled to answer your question in
accordance with the interpretations of the above con-
stitutional provisions made by the Supreme Court of Tex-
as in the case of Wood vs. State of Texas Ex. Rel. Lee,
133 Tex. 110, 126 S. W. (2nd) 4, which answers the iden-
tical question as relates to voting machines. The ques-
tion in that case was whether voting machines, which do
not use a written ballot or ticket, and which render it
impossible to later identify the vote of an individual
in an election contest or otherwise, meet the constitu-
tional requirements quoted above. In answer to the ques-
tion, the Supreme Court said:

"The second requirement of this constitutional provision is that the tickets shall be numbered. The word 'shall' is used in this requirement, just as it is used in the first one above discussed. In both instances, we think the term is mandatory, and not merely permissive. It will be noted that the word 'ticket' is used. It is provided that the tickets shall be numbered. Of course, the word 'ticket,' as here used, means the same as the word 'ballot.' The ballot must be numbered. If we understand this record, the election officers kept a poll list which showed the name and number of each voter. When the voter registered his vote on the machine, it (the machine) recorded the number of the ballot. To our minds, this meets the requirement of the Constitution. As we understand this machine, it is not possible from the record made by it to determine, in an election contest, how each voter voted. Be that as it may, the Constitution contains no such requirement. The Constitution simply requires that the ticket shall be numbered. The machine does that.

"The third provision of the above-mentioned constitutional amendment is that the Legislature shall make such other regulations as may be necessary to detect and punish fraud, and preserve the purity of the ballot. This constitutional provision is addressed to the sound discretion of the Legislature. It is not for the courts to attempt to direct what laws the Legislature shall enact to comply with it. * * * "

"As we understand this record, the voting machines used in this election recorded the total number of votes for each candidate for Mayor, but did not make a record showing which candidate each voter voted for. It is therefore evident that the testimony in this regard must come from some other source. We think that one of the ways to ascertain how a voter voted, where a machine like this has been used, is to put such voter on the witness stand, and ask him the question. He can answer disclosing how he voted, if he so chooses. That is a matter the voter himself can control. On the other hand, the Constitution guarantees each voter a secret ballot;

consequently he can decline to reveal how he
voted, if he so chooses. * * * "

It is evident that the perforated ballots pro-
vided in Senate Bill 67 come a lot nearer following the
constitutional provision for numbered tickets than do
voting machines. In the case of the perforated ballots,
the tickets are actually numbered and the number of each
ticket is placed opposite the voter's name on the vot-
ing list at the time of delivery and the numbers are
compared when the ballot is returned and before the per-
forated slip is detached. In view of the Supreme Court's
opinion on voting machines, there can be no question but
that the numbering of these perforated ballots will meet
the constitutional requirements.

It is within the sound discretion of the Texas
Legislature to weigh the constitutional requirement for
a secret ballot as against the constitutional requirement
for numbering and such other regulations as may be nec-
essary to detach and punish fraud and preserve the pur-
ity of the ballot, and thereby decide upon regulations
and procedures that will accomplish as nearly as possible
both of these important purposes. In no event does the
Constitution require that a voter's ballot be identifiable
in an election contest. In fact, the weight of authority
outside of Texas is to the effect that provisions for
numbering of ballots to correspond to the number of the
voters on the poll list so as to be identifiable later
is "regarded as infringing the constitutional guaranty
of secrecy of the ballot". (29 Corpus Juris Secundum,
# 171, p. 246). In Texas, the contrary rule -- that
such system does not infringe upon the constitutional
guaranty of secrecy -- has been followed. (Johnson vs.
Clark, 25 F. Supp. 285)

In view of the above decisions, it is within
the power of the Texas Legislature to determine the rel-
ative merits of the above mentioned voting procedures
and if it decides to adopt the system provided in Senate
Bill 67, the Legislature will violate no constitutional
provision of this State.

### SUMMARY

Senate Bill 67 of the 50th Legislature,
Regular Session, providing numbered perforated
ballots to be used in elections so that a voter's

ballot cannot be identified after its deposit in the election boxes, does not violate Section 4 of Article VI of the Constitution of Texas, in view of the interpretation of that section heretofore made by the Supreme Court of Texas in Wood v. State of Texas Ex Rel. Lee, 133 Tex. 110, 126 S. W. (2nd) 4.

Yours very truly,

Price Daniel
Attorney General of Texas

Ocie Speer
Assistant Attorney General